IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
John E. Triplett, Clerk of Court
United States District Court
By LoganHerb at 11:39 am, Apr 20, 2023

| | |
|---|---|
| TERRY MADDEN,<br><br>  Plaintiff,<br><br>v.<br><br>SOUTHEASTERN REGIONAL<br>MEDICAL CENTER, INC.,<br><br>  Defendant. | Civil Action No. CV123-48<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, Terry Madden ("Ms. Madden"), by and through their undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Ms. Madden brings this action for damages and reasonable attorneys' fees against Defendant Southeastern Regional Medical Center, Inc. ("Defendant") for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

## JURISDICTION AND VENUE

2.

Ms. Madden invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed in this district and division.

4.

Therefore, in accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

5.

Ms. Madden has fulfilled all conditions necessary to proceed with this cause of action under the ADA.

6.

Ms. Madden filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 21, 2022.

7.

The EEOC issued Ms. Madden a Notice of Right to Sue on January 30, 2023.

8.

Ms. Madden filed this action within ninety days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

9.

Ms. Madden is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

10.

At all times relevant, Defendant was qualified and licensed to do business in Georgia.

11.

At all times relevant, Ms. Madden was an employee of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

12.

At all times relevant, Defendant employed fifteen or more employees.

13.

At all times relevant, Defendant employed fifteen or more employees for the requisite duration under the ADA.

14.

Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

15.

All conditions precedent have been satisfied.

16.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered agent, C T Corporation System, Located at 289 South Culver Street, Lawrenceville, GA, 30046.

## **FACTUAL ALLEGATIONS**

17.

 Ms. Madden began working for Defendant, on or about January 10, 2022, as an Oncology Care Coordinator.

18.

In or around May 2022, an MRI performed on Ms. Madden showed that she had a cord compression in her C4-C7 vertebrae.

19.

This compression is a disability that substantially limits Ms. Madden in major life activities, including walking, and driving.

20.

At all times relevant to this action, Ms. Madden suffered from a disability.

21.

Subsequent to the MRI results, Ms. Maddens medical provider informed her that she would need surgery to treat the cord compression.

22.

Ms. Madden's medical providers told her that the longer she waited, the higher the chances of paralysis would be.

23.

Specifically, they told Ms. Madden that even if the surgery were delayed a few months, the chances of paralysis increased.

24.

In late June 2022, Ms. Madden shared the information her medical providers had given her with Leave Specialist, Margaret Hiscock, along with Plaintiff's supervisor, Marja Crawford.

25.

Ms. Madden informed Crawford and Hiscock that she would need a six-week recovery period or that she could alternatively return to work by working from home after two weeks of rest.

26.

Hiscock and Crawford told Ms. Madden that she did not qualify for leave because she was not "in good standing" due to a verbal warning she received on June 15, 2022.

27.

Ms. Madden had not violated any of Defendant's policies to deserve the write up.

28.

Crawford and Hiscock also told Ms. Madden that she would not be able to work from home because there was a policy that all Care Coordinators work on site.

29.

However, other Care Coordinators had been allowed to work off-site with human resources approval.

30.

Ms. Madden's preoperative surgery was scheduled for July 27, 2022.

31.

The day before, July 26, 2022, Ms. Madden was terminated by Crawford.

32.

Crawford explained to Ms. Madden that she was terminated because of the verbal warning she had received on June 15, 2022.

33.

Other individuals outside of Ms. Maddens protected classes, i.e. individuals that were not disabled and/or who had not asked for a reasonable accommodation, were treated differently.

34.

Although Defendant purports to provide legitimate non-discriminatory reasons for its adverse actions, these reasons are pre-text for unlawful discrimination, based on Plaintiff's disability, and retaliation for Plaintiff engaging in protected activity by seeking a reasonable accommodation.

35.

Defendant retaliated against Ms. Madden for requesting and planning to take medical leave for her disability.

36.

Defendant refused to give Ms. Madden a reasonable accommodation.

37.

Defendant took adverse actions against Ms. Madden because she was disabled.

38.

But for Ms. Madden's disability status and/or her accommodation request, she would not have suffered any adverse employment actions.

39.

Ms. Madden has a disability under the ADA. As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages and emotional distress.

**CLAIMS FOR RELIEF**
**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA**

40.

Ms. Madden re-alleges paragraphs 17-39 as if set forth fully herein.

41.

Ms. Madden has a physical impairment which substantially limits more than one major life activity.

42.

Ms. Madden's physical impairments also substantially limit one or more bodily systems including her musculoskeletal system.

43.

Defendant was aware of Ms. Madden's disability.

44.

Ms. Madden's disability is a disability under the ADA. Defendant also "regarded" Plaintiff as disabled.

45.

Ms. Madden was qualified to perform the Oncology Care Coordinator role.

46.

At all times relevant, Ms. Madden was a qualified individual with a disability as that term is defined by the ADA.

47.

Defendant terminated Ms. Madden because of her disability or perceived disability.

48.

Defendant terminated Ms. Madden because of her need for a reasonable accommodation to treat of otherwise manage her disability related to the compression of her vertebrae.

49.

In terminating Ms. Madden for the aforementioned reasons, Defendant violated the ADA.

50.

Although Defendant purports to provide a legitimate non-discriminatory reason, that reason is a pre-text for disability discrimination.

51.

Defendant treated other employees who were not disabled differently.

52.

Defendant has willfully and wantonly disregarded Ms. Madden's rights and Defendant's discrimination against Ms. Madden was undertaken in bad faith.

53.

The effect of Defendant's conduct has been to deprive Ms. Madden of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

54.

As a direct and proximate result of Defendant's violation of the ADA, Ms. Madden has been made the victim of acts that have adversely affected her psychological and physical well-being.

55.

As a result of Defendant's discriminator actions against Ms. Madden, she had suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

56.

Ms. Madden is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

57.

Defendant discriminated against Ms. Madden, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Ms. Madden of equal employment opportunities, but exhibited malice or reckless indifference to Ms. Madden's federally protected rights.

58.

Ms. Madden thus seeks all damages available, including but not limited to lost wages, compensatory and punitive damages.

## COUNT II: RETALIATION IN VIOLATION OF THE ADA

59.

Ms. Madden re-alleges paragraphs 17-39 as if set forth fully herein.

60.

Ms. Madden asked Defendant for a reasonable accommodation.

61.

After Ms. Madden did so, Defendant retaliated against her by terminating her.

62.

Defendant's retaliatory action was taken in close temporal proximity to Ms. Madden's request.

63.

Defendant's proffered reasons for terminating Ms. Madden are pretext designed to hide Defendant's retaliatory motive.

64.

Defendant's retaliatory actions against Ms. Madden were in violation of the ADA.

65.

As a result of Defendant's retaliatory actions against Ms. Madden, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

66.

Ms. Madden is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

67.

Defendant discriminated and retaliated against Ms. Madden, and, in failing and refusing to take any approproate remedial action, has not only deprived Martin of equal employment opportunities, but exhibited malice or reckless indifference to the federally of Ms. Madden.

68.

Defendant's retaliation against Ms. Madden was undertaken in bad faith.

69.

Ms. Madden thus seeks all damages available, including but not limited to lost wages, compensatory and punitive damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

a) General damages for mental and emotional suffering caused by Defendant's misconduct;

b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

c) Special damages for lost wages and benefits and prejudgment interest thereon;

d) Reasonable attorney's fees and expenses of litigation;

e) Trial by jury as to all issues;

f) Prejudgment interest at the rate allowed by law;

g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

i) All other relief to which she may be entitled.

This 20th day of April, 2023.

                            **BARRETT & FARAHANY**

                            /s/ V. Severin Roberts

                            V. Severin Roberts

                            Georgia Bar No. 940504

                            *Attorney for Plaintiff*

P.O. BOX 530092
Atlanta, GA 30343-0092
T: (404) 214-0120
F: (404) 214-0125
severin@justiceatwork.com