IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRY MADDEN, | * | |
| Plaintiff, | * | |
| v. | * | CV 123-048 |
| SOUTHEASTERN REGIONAL MEDICAL CENTER, INC., | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is Plaintiff's motion to transfer venue. (Doc. 4.) Plaintiff filed this Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, *et seq.* ("ADA") suit on April 20, 2023 against Defendant Southeastern Regional Medical Center, Inc.[1] (Doc. 1.) Plaintiff now seeks to transfer this action to the Northern District of Georgia, Newnan Division because "[d]ue to an oversight, [she] initiated this action in the incorrect venue." (Doc. 4, at 2.) Plaintiff does not provide any explanation for what the supposed "oversight" was, however, she states "none of the parties reside in [this District] and no substantial part of the events or omissions giving rise to [her] claims occurred in this District." (Id. at 1.)

---

[1] Defendant Southeastern Regional Medical Center, Inc. was served on July 7, 2023, but it has not yet appeared in this action.

When an action is brought in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1),(2).

As an initial matter, the Court notes that Plaintiff's complaint fails to include any information regarding Defendant's residence or where Plaintiff's claim occurred. (See Doc. 1.) Nevertheless, Plaintiff states in her motion to transfer that she "was employed by and worked for Defendant in Newnan, Georgia at its treatment center located at 600 Celebrate Life Pkwy, Newnan, GA 30265, which is also the 'Principal Office Address' listed for Defendant." (Doc. 4, at 3.) Plaintiff also represents that the Northern District of Georgia, Newnan Division is "where the acts and omissions giving rise to this cause of action occurred." (Id.) Therefore, venue is appropriate in the Northern District of Georgia because the Defendant resides there, and Plaintiff's claims took place there. Accordingly, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) is in the United States District Court for the Northern District of Georgia, Newnan Division.

Because justice is better served by transferring this case to the appropriate forum rather than dismissing it, Plaintiff's motion to transfer (Doc. 4) is **GRANTED**. The **CLERK** is **DIRECTED** to **TRANSFER** this action to the Newnan Division of the United States District Court for the Northern District of Georgia and **CLOSE** this case after it is transferred.

    **ORDER ENTERED** at Augusta, Georgia, this 21st day of July, 2023.

                                                J. RANDAL HALL, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT
                                                SOUTHERN DISTRICT OF GEORGIA